NASHVILLE, C. & ST. L. RY. CO. *v.* MRS. W. W. WILLIAMSON.

(*Nashville.*  December Term, 1916.)

1. **JUSTICES OF THE PEACE.** Warrant. Sufficiency.

In an action before a justice of the peace for damages arising out of the killing of plaintiff's cow, a warrant, commanding the defendant to appear to answer the complaint for the defendant "in a plea of debt due by account for damages for loss of cow killed by defendant's train, $75 under $500," while defective in not stating the time, place, or circumstances, afforded the defendant reasonable notice that it was sued for damages arising out of the killing of plaintiff's cow, that the cow was killed by one of the defendant's trains, and that the plaintiff claimed to have been damaged to the sum of $75 and sued therefor, and hence was not void. (*Post, pp.* 154, 155.)

Cases cited and approved: Railroad v. Davis, 127 Tenn., 167; Railroad v. Flood, 122 Tenn., 56; Parris v. Brown, 13 Tenn., 267; Manning v. Wells, 28 Tenn., 746; Odell v. Koppee, 52 Tenn., 90; Wood v. Hancock, 23 Tenn., 467; Watkins v. Kittrell, 62 Tenn., 42.

2. **JUSTICES OF THE PEACE.** Warrant. Irregularity. Cure by verdict.

In an action before a justice of the peace for damages arising out of the killing of plaintiff's cow by defendant's train, the defects in a warrant, which was not void because it gave defendant reasonable notice of plaintiff's cause of action, were cured by the verdict. (*Post, pp.* 155, 156.)

---

FROM FRANKLIN.

---

Appeal from the Circuit Court of Franklin County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— FRANK L. LYNCH, Judge.

CLAUDE WALLER, FITZGERALD HALL and ESTILL & CROWNOVER, for the Railroad Company.

J. B. TEMPLETON, for appellee.

MR. JUSTICE BUCHANAN delivered the opinion of the Court.

This action was instituted before a justice of the peace, and was for damages arising out of the killing of a cow owned by Mrs. Williamson as a result of the operation of one of the company's trains. The justice of the peace rendered judgment in favor of plaintiff for $75. The company appealed to the circuit court, where the cause was tried before the court without the intervention of a jury, and the court, upon the evidence, rendered judgment in favor of the plaintiff. The company excepted and moved for a new trial. This motion was overruled. The company again excepted and moved in arrest of judgment, on the ground that the warrant failed to state "the time, the place, or the circumstances in such manner as to give defendant notice of what the plaintiff's cause of action is."

This motion the court sustained, and dismissed the plaintiff's suit. She excepted and prayed and was granted an appeal to the court of civil appeals. There the judgment of the circuit court was reversed, and judgment was rendered against the company for $75 and costs. The company has filed its petition for *certiorari* and *supersedeas*, and by its single assign-

ment of error raises the question that the warrant before the justice of the peace was void for the reason quoted supra from the motion in arrest of judgment.

Respecting the warrant on which the suit was based the transcript shows as follows:

"Magistrate's Warrant.

"State of Tennesse, County of Franklin.

"To Any Lawful Officer within Said County: You are hereby commanded to summon Nashville, Chattanooga & St. Louis Ry. Co. to personally appear before me, or some other acting justice of the peace for said county, to answer the complaint of Mrs. W. W. Williamson in a plea of debt due by account for damages for loss of cow killed by defendant's train, $75 under $500 given under my hand and seal, this the 27th day of September, 1915.

"S. W. JOHNSON, J. P."

Counsel for the railway company relies on *Railroad* v. *Davis*, 127 Tenn. (19 Cates), 167, 154 S. W., 530. It appears that what was ruled by this case is misconceived by counsel for the railroad company, and two members of the Court of Civil Appeals, who dissented from the majority opinion. The holding in this case was, in substance, the same as that of *Railroad* v. *Flood*, 122 Tenn. (14 Cates), 56, 113 S. W., 384, and these two cases are supported by the principles announced in the following of our reported cases: *Parris* v. *Brown*, 5 Yerg., 267; *Hanning* v. *Wells*, 9 *Humph.*, 746, 51 Am. Dec., 688; *Odell* v. *Koppee*, 5

Heisk., 90; *Wood* v. *Hancock,* 4 Humph., 467; *Watkins* v. *Kittrell,* 3 Baxt., 42; and other authorities cited in *Railroad* v. *Flood,* supra. But it does not follow from what was held in *Railroad* v. *Davis,* or any of the cases supporting it, that the warrant in the present case was void in law. On the contrary, we think the warrant in the present case afforded the defendant reasonable notice that it was sued for damages arising from the killing of plaintiff's cow; that the cow was killed by one of the company's trains; that plaintiff claimed to have been damaged thereby in the sum of $75 and sued therefor.

The warrant in *Railroad* v. *Davis,* supra, was held void because on its face it did not convey the defendant reasonable notice of what defendant was called on to answer. In other words, because there was on the face of the warrant a patent ambiguity, in that it was impossible for the defendant, from the face of the warrant, to determine which of several things was meant. The existence of this patent ambiguity on the face of the warrant rendered it absolutely void, and insufficient in law to support the further proceedings in the case; but it was not held in *Railroad* v. *Davis* that every warrant, in order to be valid, must state the time when, the place where, or the agency by which the injury complained of was committed. It was merely pointed out in that case, along with other *indicia* of fatal uncertainty and the consequent invalidity of the warrant, that it failed to state the particulars above mentioned.

The warrant in the present case is an illustration of a cause of action defectively stated; but its defects were undoubtedly, under our cases, cured by the verdict. For, as we said in *Railroad* v. *Davis,* supra:

"Mere imperfections of statement, or incorrect statement of the cause of action, do not invalidate. It may be far from the highest state of the art of pleading, and yet be sufficient to give the defendant that 'reasonable notice of what he is called upon to answer' which both law and justice demand. Mere defects, imperfections, and incorrectness of statement, where, notwithstanding such as they may be, the warrant gives the notice required by law, are cured by verdict; but verdict does not cure where no cause of action is stated. In such case there is in law no warrant, and the so-called verdict based upon the supposed warrant is in law no verdict. The whole proceeding is void; and the law so treats it from warrant to verdict and judgment."

The judgment of the court of civil appeals was correct, and is affirmed, at petitioner's cost.