# L. E. SMITH et al. v. DOROTHY LEEDY et al.
## —299 S. W. (2d) 29.

Eastern Section.　September 11, 1956.

Petition for Certiorari denied by Supreme Court February 8, 1957.

Franklin Park and J. Carl Lambdin, Jefferson City, for appellants.

Hodges & Doughty, Knoxville, for appellees.

HOWARD, J. Appellants, Dorothy Leedy and Robert Thomas, have appealed from a decree of the Chancery Court of Knox County declaring void and enjoining the collection thereof, two judgments for damages obtained separately by them in the Circuit Court of said County against the appellees, L. E. Smith individually, and George T. Britton and Sue K. Britton, d/b/a Britton Motors, said decree reading, as follows:

"That the defendants Dorothy Leedy and Robert Thomas, on the 21st day of February, 1955, instituted separate civil actions for damages in the General Sessions Court for Knox County, Tennessee, against the complainants L. E. Smith and George T. Britton and Sue K. Britton, doing business as Britton Motors, residents of Knox County, Tennessee.

"In the case of Dorothy Leedy vs. Britton Motors Company, et al., the warrant and summons from the Sessions Court contained the following statement of the cause of action:

'Summon L. E. Smith and Britton Motors to appear before the Court of General Sessions of Knox County, Tennessee, to be held at the Courtrooms of said court in said county on the ——— day of ——— month, 1955 at 10:00 A.M., then and there to answer

in civil action brought by Dorothy Leedy for damages for personal injuries sustained on Asheville Highway about 4 miles east of Knoxville, on November 4, 1954, at about 8:15 A.M., and all necessary expenses incident thereto and arising from her said injuries under $2,500.00'

"The warrant and summons from the Sessions Court in the case of Robert Thomas contained the following language:

'For damages to personal property being his 1954 Chevrolet automobile, said damage resulting from an accident on the Asheville Highway, about four miles east of Knoxville, on November 4, 1954, at about 8:15 A.M., under $2,500.00.'

"Trial was had in the General Sessions Court and a judgment entered upon said warrants in both cases and the same was in favor of the defendants, and both cases were appealed by the plaintiffs, to the Circuit Court of Knox County, Tennessee, where the same were later tried before Honorable John Kelly, Circuit Judge for Knox County, who granted a judgment to the said Dorothy Leedy for $590.00 and costs.

"The said Robert D. Thomas was granted a judgment of $665.00 and costs against the said L. E. Smith and Britton Motors. Copies of said judgments have been introduced in evidence as exhibits to deposition of Mr. Franklin Park and by stipulation. The record discloses that no motion for a new trial was filed by the defendants, or motion in arrest of judgment, and no appeal was taken.

"On the 9th day of September, 1955, the complainants filed their bill of complaint in the above cause against the defendants, Dorothy Leedy and Robert Thomas, to enjoin the issuance of execution upon said judgments, and/or their collection, upon the grounds that the warrants and summonses were null and void, and any judgments predicated upon said warrants and summonses are void.

"Subsequently, the defendants filed a motion to dissolve said restraining order, together with a demurrer to the bill, both of which were overruled.

"The Court having fully considered said matter is of the opinion that the failure of the complainants to file a motion in arrest of judgment or a motion for a new trial, does not preclude them from maintaining this bill to enjoin the collection of said judgments, and the Court is further of the opinion that both of said judgments are null and void and the collection of same should be permanently enjoined.

"It is, therefore, ordered, adjudged and decreed that the judgments, the subject of this action, are void and the injunction heretofore issued and served upon the defendants is made permanent and perpetual."

The General Sessions Court for Knox County was created by Chapter 54, Private Acts of 1939, and Section 5 of the Act provides that pleading and practice shall be the same as provided by law in civil cases in Justice of Peace Courts.

In History of a Lawsuit, 7th Edition, it says:

"The justice of the peace court is not a court of

record, that is, he keeps no minutes in the true sense of that term, and the pleadings are, as a rule, *ore tenus.*" Sec. 77, p. 82. (Emphasis supplied).

And T. C. A. sec. 19-424, Code 1932, sec. 10189, provides:

"Every intendment is in favor of the sufficiency and validity of proceedings before justices of the peace, when brought in question, either directly or collaterally, in any of the course, where it appears on the face of the proceedings that the justice had jurisdiction of the subject-matter and of the parties."

In the instant case the appellees' bill shows that the Circuit Court "had jurisdiction of the subject-matter and of the parties."

In Chicago, M. & G. R. Co. v. Wheeler, 1 Tenn. App. 100, the plaintiff, in a summons issued by the justice of the peace sued the defendant Railroad "in an action for damages for wrongfully causing the washing and flooding of his crops under $500.00." The case was appealed to the Circuit Court where the plaintiff recovered a judgment, after which a motion in arrest of judgment was made on the ground that the warrant was void because it failed to state a cause of action. The motion was overruled and the defendant appealed, and in affirming the judgment the Court said:

"The warrant is not void. Not being void, any irregularities were cured by the verdict." Citing Memphis Street R. Co. v. Flood, 122 Tenn. 56, 113 S. W. 384; Nichols v. Lebanon & Hartsville Turnpike Co., 128 Tenn. 541, 162 S. W. 588; Nashville, C. & St.

L. Ry. Co. v. Williamson, 137 Tenn. 152, 192 S. W. 385.

In the Flood case, supra, it was held that a Justice's warrant must contain a brief statement of the cause of action, sufficient to give reasonable notice to the defendant of the general nature and character of the demand.

In the Turnpike case, supra, the warrant was "in a civil action on account," and was sustained.

In the Williamson case, supra [137 Tenn. 152, 192 S. W. 386], the plaintiff sued "in a plea of debt due by account for damages for loss of cow killed by defendant's train, $75.00, under $500.00," and the warrant was sustained, the Court saying:

"The warrant in the present case is an illustration of a cause of action defectively stated; but its defects were undoubtedly, under our cases, cured by the verdict."

In the comparatively recent case of Van Pelt v. P. & L. Federal Credit Union, Tenn. App., 282 S. W. (2d) 794, 797, where there was no bill of exceptions the Western Section of this Court, in an opinion by Judge Bejach, held:

"The pleadings being ore tenus, and there being no bill of exceptions, this Court must indulge in the presumption that all necessary pleadings were supplied by the proof or by oral amendment so as to sustain the judgment of the lower court, just as it is required to presume that the evidence was sufficient to sustain the judgment where no bill of exceptions has been filed. The Circuit Court had ample authority to permit any amendments necessary in the premises."

See also Cantrell v. State, 190 Tenn. 64, 227 S. W. (2d) 772; Taylor v. Aulton, 191 Tenn. 81, 231 S. W. (2d) 573.

In the present case, as previously pointed out, the warrants show on their face that the Courts had jurisdiction of the subject matter and the parties, and under T. C. A. sec. 19-424, Code 1932, sec. 10189, we must indulge every intendment in favor of the validity of the judgments. And inasmuch as the pleadings in the General Sessions Court and the Circuit Court on appeal are ore tenus, this Court must likewise indulge the presumption that any amendments necessary to give notice to defendants were made orally in the Circuit Court, as held in the Van Pelt case.

Accordingly, for reasons indicated, the decree of the Chancellor in all respects will be reversed and the suit will be dismissed at appellees' costs.

McAmis, P. J. and Hale, J., concur.