**STATE of Tennessee, Appellee,**

v.

**Darrell J. WARD, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

April 25, 1991.

Thomas E. Cowan, Jr., Elizabethton, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Rebecca L. Gundt, Asst. Atty. Gen., Nashville, David Crockett, Dist. Atty. Gen., Lynn W. Brown, Asst. Dist. Atty. Gen., Elizabethton, for appellee.

## OPINION

PEAY, Judge.

The defendant was indicted for driving a motor vehicle while under the influence of an intoxicant in the first count of the indictment and for having been previously convicted of driving under the influence of an intoxicant in the second count. A jury found him guilty in count one but was unable to reach a verdict on the second count; thus, the court dismissed the jury and declared a mistrial as to count two. At a subsequent time a new jury was impaneled, and the defendant was found guilty of having been previously convicted of DUI as alleged in count two of the indictment. This jury set the defendant's fine at the minimum amount of five hundred dollars ($500), and the court sentenced the defendant to eleven months and twenty-nine days suspended to forty-five days to be served.

The only issue raised by the defendant in this appeal is whether or not the second trial amounted to double jeopardy. Believing that it did, the defendant contends that the finding that he was a second offender must be dismissed. For the reasons hereinafter set out, we do not agree with the defendant.

Since there are no issues related to the facts, it will not be necessary to set out the testimony at either trial. The defendant bases his complaint on the fact that the jury at his first trial was unable to reach a decision on the allegation of a prior conviction for driving under the influence though they were able to convict him of operating a motor vehicle while under the influence of an intoxicant. Because they could not agree on the enhancement count, the defendant believes that this failure resulted in an acquittal, precluding any subsequent trial on the second count. The defendant claims that he was convicted of the lesser included offense which automatically excludes re-trial for the enhanced punishment; thus, he asserts that his conviction at his second trial in this matter should be reversed.

■ The trial court conducted a dual stage trial in this case in conformity with the procedures that had been previously enunciated by our courts. *See Harrison v. State,* 217 Tenn. 31, 394 S.W.2d 713, 717 (1965); *Crawford v. State,* 4 Tenn.Cr.App. 142, 469 S.W.2d 524, 525 (1971). From a review of T.C.A. § 55–10–403(a)(1), it is clear that new offenses are not created for subsequent offenders but that those found to be subsequent offenders are subject to increased punishment. It is apparent that this increased punishment is analogous to the habitual criminal statutes which our courts have consistently held do not create a new offense but only provide for an enhanced punishment. *Harrison,* 394 S.W.2d 713, 714; *State v. Duffel,* 665 S.W.2d 402, 404 (Tenn.Crim.App.1983).

■ Since the second count related only to the punishment and did not add a new charge, we fail to see how the defendant can complain that he has been acquitted or twice placed in jeopardy. We see no difference in the procedure utilized by the trial court in this case and in the cases that are remanded for re-sentencing under the death penalty or our former habitual criminal statute. *See State v. Miller,* 771 S.W.2d 401, 403 (Tenn.1989) *cert. denied,* — U.S. ——, 110 S.Ct. 3292, 111 L.Ed.2d 801, *reh'g denied,* — U.S. ——, 111 S.Ct. 17, 111 L.Ed.2d 830 (1990); *State v. Duffel,* 631 S.W.2d 445, 448 (Tenn.Crim.App.1981).

For the reasons set out above, we therefore affirm the trial court.

WADE and TIPTON, JJ., concur.