**STATE of Tennessee, Appellee,**

v.

**Scottie COTTRELL, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Dec. 15, 1992.

Permission to Appeal Denied March 22, 1993.

---

N. Reese Bagwell, Clarksville, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, C. Mark Fowler, Asst. Atty. Gen., Nashville, Arthur Bieber, Asst. Dist. Atty. Gen., Clarksville, for State of Tennessee.

## OPINION

WADE, Judge.

The defendant, Scottie Cottrell, appeals from his convictions for driving under the influence (second offense) and violation of the implied consent statute. In a bifurcated trial, the jury decided the issue of whether the defendant was guilty of DUI and violation of the implied consent law. By agreement, the trial judge determined whether the DUI offense was a first or second. After determin-

ing that it was the latter, the trial court sentenced the defendant to 11 months and 29 days with probation to be granted after 45 days in jail. A fine of $500.00 was imposed. His license was suspended for two years.

The following issues have been presented for review:

(1) whether the evidence was sufficient to establish that the defendant violated the implied consent law;

(2) whether the evidence of the first DUI conviction was sufficient to establish this as a second offense; and

(3) whether the trial court erred by refusing to suppress the general sessions court warrant as evidence of the prior DUI conviction.

We find no error and affirm the judgment of the trial court.

The statement of the evidence provides that the defendant had an automobile accident resulting in property damage. Upon investigation, a trooper with the Tennessee Highway Patrol observed that the defendant smelled of alcohol and had bloodshot eyes. The defendant was unable to perform several field sobriety tests. After his arrest, the defendant was offered a "breath test" which he refused. *See* Tenn.Code Ann. § 55–10–406(a)(3). Prior to trial, the defendant filed a motion for discovery. In response, the state filed a computer printout of the defendant's prior record. Due to an apparent error, the printout did not indicate any previous DUI conviction. At the sentencing hearing, however, the state was permitted to introduce a general sessions warrant indicating that the defendant had been previously convicted of DUI on April 7, 1988, some three years before the trial in this case.

In our review of the challenges to the sufficiency of the evidence, this court must observe several well-established principles. On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which might be drawn therefrom. *State v. Cabbage,* 571 S.W.2d 832, 835 (Tenn.1978). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the evidence are matters entrusted exclusive-

ly to the jury as triers of fact. *Byrge v. State,* 575 S.W.2d 292, 295 (Tenn.Crim.App. 1978). A conviction may be set aside only where the reviewing court finds that the "evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." Tenn.R.App.P. 13(e). On questions of fact submitted to the trial court as opposed to the jury, the determinations made by the trial judge are given the same weight as the jury verdict. *Graves v. State,* 512 S.W.2d 603 (Tenn.Crim.App.1973).

I

The defendant's initial argument is that the evidence was insufficient to establish a violation of the implied consent statute. Because the defendant was offered a "breath test" instead of a "chemical test designed to determine the alcoholic or drug content of the blood," the defendant maintains that the officer making the arrest had the obligation to be more specific in his description of the nature of the test. Tenn.Code Ann. § 55–10–405(5).

The statute under which the defendant was convicted provides in part as follows:

Any person who drives any motor vehicle in the state of Tennessee *shall be deemed to have given his or her consent to a test* for the purpose of determining the alcoholic or drug content of his or her blood; provided, that such test is administered at the direction of a law enforcement officer having reasonable grounds to believe such person to have been driving, while under the influence of an intoxicant or drug, as defined in § 55–10–405....

Tenn.Code Ann. § 55–10–406(a)(1) (emphasis added).

It is significant that the statute refers to "a test." By law, the use of the word "means any chemical test designed to determine the alcoholic or drug content of the blood" including a specimen of "blood, urine or breath...." Tenn.Code Ann. § 55–10–405(5). Further explanation of the nature of the test after an arrest for DUI, while preferable, is not mandatory. In our view, the statute authorizes any officer, who has a reasonable belief that the driver of a vehicle

is under the influence of an intoxicant, to direct that the driver submit to "a test" as a means of determining the accuracy of the officer's belief. The officer must also advise that failure to submit to the test will result in a suspension of license. Tenn.Code Ann. § 55–10–406(a). And, although the driver maintains the right to refuse the directive, his refusal to do so may result in a conviction under the implied consent law.

■ In this instance, the officer was investigating an accident. The defendant appeared to have been drinking and failed a number of field sobriety tests. Those circumstances provided the officer "reasonable grounds to believe" the defendant had operated his vehicle under the influence of an intoxicant. The defendant was offered a "breath test" at the Montgomery County Jail but refused to blow into the machine. The statutory meaning of "test" attached. *See* Tenn.Code Ann. § 55–10–405(5). In consequence, we find that the evidence was sufficient and that the trial court did not err by refusing to grant the defendant's motion for judgment of acquittal.

## II

■ Next the defendant argues that the trial court should have suppressed the prior DUI judgment because the state failed to produce the information upon the defense motion for discovery. The defendant claims that he was misled by the content of the computer printout and surprised and prejudiced by the admission into evidence of the prior judgment.

The agreed order of discovery provides in part as follows:

> That the District Attorney General shall furnish the defendant with a copy of defendant's prior criminal record, if any, the existence of which is known, or by the exercise of due diligence may become known, to the District Attorney General.

The basis for the motion was Rule 16 of the Tennessee Rules of Criminal Procedure. Tenn.R.Crim.P. 16(a)(1)(B) provides that the state will furnish the record "as is within the possession, custody, or control of the state, the existence of which is known, or by the

exercise of due diligence may become known, to the district attorney general." The state concedes that it had an ongoing duty under the order to disclose but, for a variety of reasons, denies that there was error.

The computer printout was provided March 1, some 24 days before the trial. Although the defendant appears to have been ready to address the prior conviction issue, the statement of the evidence implies that the state first provided the judgment document on March 27, 1991, the date of sentencing.

We observe that the defense prepared the statement of the evidence. Naturally, the recitation of facts, other than the conviction and sentence, appears to have been presented in a manner most favorable to the defendant. The state chose not to file objections to the statement provided by the defense within the time prescribed and the trial court was not called upon to include omissions, make corrections, or provide modifications. In fact, the record provided by the clerk did not initially contain the prior DUI conviction; in consequence, the state conceded that the defendant was entitled to a reduction to DUI, first offense. The clerk filed a supplement, however, on January 30, 1992, apparently at the behest of the trial judge, some eight days after the brief filed by the state. Upon our discovery of the discrepancy and notice to each of the parties, both the state and the defense filed supplemental briefs as to the admissibility of the prior conviction. The state then withdrew its concession that the DUI conviction be reduced to a first offense.

■ Bad faith is not an issue. The indictment alleged second offense; the date and place of the first conviction was included. It is apparent, therefore, that the defendant was aware of the state's charges. There was no attempt to hide the fact of the prior conviction then surprise the defendant at the sentencing hearing. The central question is whether the prior conviction should have been admitted into evidence for the purpose of enhancing the defendant's sentence from a first to a second offender in view of the

state's failure to supply the judgment document in advance.[1]

We compare these circumstances to the principles governing notice of intent to seek enhanced punishment. Tenn.Code Ann. § 40–35–202. In *State v. Stephenson,* 752 S.W.2d 80 (Tenn.1988), our Supreme Court held that a filing of the notice on the date of trial does not render the notice ineffective in the absence of some showing of prejudice, particularly where defense counsel does not move for a continuance. Here, the defendant did not move to continue the sentencing hearing. Similarly, the statute governing the sentencing hearing procedure provides for a postponement of the hearing in the event "time constraints will unduly prejudice the position of either party." Tenn.Code Ann. § 40–35–209(a). Certified copies of convictions are admissible as reliable hearsay only when "the opposing party is accorded a fair opportunity to rebut...." Tenn.Code Ann. § 40–35–209(b). *See State v. Taylor,* 744 S.W.2d 919 (Tenn.Crim.App.1987). The defendant makes no claim that a postponement of the sentencing hearing would have further aided his preparation in any way.

This is not to minimize the importance of compliance by the state in matters of discovery. Adherence to the rules governing discovery is often as important at the sentencing stage as it is at the trial stage. Yet the record does not demonstrate that the defendant was prejudiced by the state's failure to provide the judgment document. The defense knew that the state alleged the date and place of the prior conviction. The judgment document was a public record, available for examination. Under these circumstances, the state may have substantially complied with the discovery order. *See State v. Strouth,* 620 S.W.2d 467 (Tenn.1981). Certainly there was no mention of the previous conviction at the trial stage. It was only in the sentencing hearing before the trial judge (who had the stipulated authority to determine whether the offense was a first or second) that it became a factor.

■ In our view, the appropriate remedy, had it been requested, would have been to continue the sentencing hearing. No continuance, however, was sought by the defendant. Instead, he insisted that the evidence be excluded. The defendant was able to mount an extensive attack upon the admissibility of the document at the time of sentencing, the hearing on the motion for new trial, and in this appeal. The quality of the challenge indicates that the defendant was not handicapped by any lack of preparedness. As a result, we cannot find that the state's failure to provide the document before the trial caused prejudice. The issue is, therefore, without merit.

### III

The final issue is whether the trial court erred by determining that the prior judgment of conviction for DUI was facially valid. The defendant cites 13 objections to the document and strenuously argues that the general sessions judge should have indicated by an additional signature the acceptance of the defendant's waiver.[2]

---

1. A bifurcated trial is the appropriate procedure. *See Harrison v. State,* 217 Tenn. 31, 394 S.W.2d 713, 717 (1965); *Crawford v. State,* 4 Tenn.Crim. App. 142, 469 S.W.2d 524, 525 (1971). The second phase of the proceeding relates only to punishment and does not add a new charge. The fact that the defendant was previously convicted of DUI simply enhances the punishment for the second offense. In that respect, the sentence enhancement procedure is analogous to the old habitual criminal statutes. *State v. Ward,* 810 S.W.2d 158 (Tenn.Crim.App.1991).

2. The state argues that the defendant cannot attack a facially valid judgment in the same proceeding the judgment is used to enhance. *State v. McClintock,* 732 S.W.2d 268, 272 (Tenn.1987). *McClintock* did not, however, preclude an attack

in the same proceeding when the judgment was facially invalid. 1991 Tenn.Pub.Acts, ch. 355, § 2, passed 5/2/91 and effective 7/1/91, added subsection (*l*) to Tenn.Code Ann. § 55–10–403, to read as follows:

> Notwithstanding any other provision of law or rule of court to the contrary, a person shall be permitted to challenge the validity of any prior guilty plea conviction for a violation of Tennessee Code Annotated [§] 55–10–401, at any proceeding in which the state seeks to use such prior conviction of such section. Failure to comply with the requirements of Rule 11 of the Tennessee Rules of Criminal Procedure or the Tennessee Supreme Court decision of *State v. Mackey,* 553 S.W.2d 337 (Tenn.1977), shall be considered grounds for challenging the validity of any such prior guilty plea· conviction.

The law is clear regarding the finality of an unappealed judgment:

> An unreversed judgment of General Sessions Court is as final as a judgment rendered in a court of record. "If the losing party chooses to accept [the] determination without appeal, it is as final and binding as if affirmed by the highest appellant court." To hold otherwise would obviously undermine the legislative intent of the statutes creating the General Sessions Courts and vesting them with concurrent jurisdiction in certain classes of cases, including DUI offenses....

*State v. McClintock*, 732 S.W.2d 268, 270 (Tenn.1987) (citation omitted).

There is a presumption of regularity in any final judgment:

> Every intendment is in favor of the sufficiency and validity of proceedings before general sessions courts, when brought in question, either directly or collaterally, in any of the courts, where it appears on the face of the proceedings that the general sessions court had jurisdiction of the subject matter and of the parties.

Tenn.Code Ann. § 19–1–117, codified in Title 19, "Civil Procedure in General Sessions Courts."

■ When warrants indicate on the face of the document that the court had jurisdiction of the subject matter and the parties, "we must indulge every intendment in favor of the validity of the judgments." *Smith v. Leedy*, 42 Tenn.App. 117, 123, 299 S.W.2d 29, 31 (1956).

■ We find that the judgment of prior conviction was in fact, valid on its face. First, the similarity of name constitutes *prima facie* evidence of identity. *State v. Woodson*, 705 S.W.2d 677, 679 (Tenn.Crim. App.1985). "Scottie Cottrell" appears on

both the prior conviction and the indictment in this case. Secondly, the *McClintock* rule precluded any collateral attack on the first judgment on grounds other than facial invalidity; that resolves many of the defendant's objections. Further, the general sessions judge signed the judgment portion of the warrant. In our view, that indicates acceptance of the defendant's plea of guilty and his waiver of his rights to a preliminary hearing, counsel, jury, and trial only by indictment or presentment. The defendant had counsel at the time of the first proceeding who approved of his waiver. Any signature by the general sessions judge of the waiver section of the warrant would have been surplusage in view of the fact that the judgment section bears the signature of the judge and specifically indicates a finding of guilt and the acceptance of the defendant's plea. The judge's acceptance of the plea indicates approval of the waiver.

The judgment is affirmed.

TIPTON, J., concurs with concurring opinion.

BYERS, Senior Judge, concurs.

TIPTON, Judge, concurring.

I wholly concur in the majority opinion except I must add to it regarding the issue of implied consent. Initially, although the defendant states that the jury found him "guilty" of violation of the implied consent law and his brief claims that the trial court erred in not granting him a judgment of acquittal, I note that the trial court's minutes do not reflect that the jury acted upon this issue. The record reflects that the *trial court* found that a violation occurred as is provided by T.C.A. § 55–10–406(a)(3). Indeed, that subsection provides that, not only is the determination one for the court, a violation of the implied consent law is not a

Then 1991 Tenn.Pub.Acts, ch. 502, § 3, passed 6/20/91 and effective 6/28/91, rewrote subsection (*l*) to read as follows:
    Notwithstanding any other provision of law or rule of court to the contrary, a person shall be permitted to challenge the constitutional validity, under the Tennessee Supreme Court decision of *State v. Mackey*, 553 S.W.2d 337 (Tenn. 1977), and any other related state or federal decisions, of any prior guilty plea conviction

for a violation of Tennessee Code Annotated [§] 55–10–401, at any proceeding in which the state seeks to use such prior conviction to enhance the punishment for a subsequent violation of such section.
1992 Tenn.Pub.Acts, ch. 773, § 1, effective 4/28/92, deleted (*l*) in its entirety. The ruling in *McClintock* was in effect at the time of the trial. This case was tried in March of 1991.

criminal offense. Thus, a conviction or finding of guilt by a jury is a superfluous and invalid action. To the same extent, the defendant's seeking an "acquittal" is superfluous.

Further, as to the defendant's claim that the evidence does not reflect that he was offered a "chemical test designed to determine the alcoholic or drug content of the blood," which is the definition for "test" provided in T.C.A. § 55–10–405(5), I believe that it is necessary that a defendant have some basic understanding of the purpose of the test being offered before his or her refusal can be considered a violation of the implied consent law. I question whether a mere offer of a "test," without more, would be sufficient. However, when, as in this case, the evidence reflects that the defendant was driving a motor vehicle, had wrecked, had the odor of an alcoholic beverage about his person, had been given several field sobriety tests, had been arrested for DUI and taken to jail, and was standing by a breathalyzer machine when he was asked to take a "breath test," it is entirely reasonable for a trial court to conclude, without adequate proof to the contrary, that the defendant was aware of the basic nature and purpose of the test, relative to alcohol in the body, being offered. Nothing more should be required.