IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
DECEMBER 1997 SESSION

**FILED**

**April 20, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | No. 01C01-9609-CR-00415 |
| | ) | |
| Appellee | ) | |
| | ) | PUTNAM COUNTY |
| V. | ) | |
| | ) | HON. LEON C. BURNS, JR., |
| MAX EUGENE MARTIN, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |
| | ) | |
| | ) | |

For the Appellant:

David Neal Brady
District Public Defender

H. Marshall Judd
Assistant Public Defender
215 Regan Street
Cookeville, TN 38501

For the Appellee:

John Knox Walkup
Attorney General and Reporter

Elizabeth B. Marney
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

William Edward Gibson
District Attorney General

Lillie Ann Sells
Benjamin W. Fann
Assistant District Attorneys
145 Jefferson Avenue
Cookeville, TN 38501

OPINION FILED: _____

AFFIRMED

William M. Barker, Judge

**OPINION**

The appellant, Max Eugene Martin, appeals the sentence he received following his plea of guilty to one count of statutory rape, a Class E felony. The trial court sentenced the appellant to eighteen months confinement in the county jail and denied alternative sentencing.

On appeal, the appellant argues that:

(1)     the trial court erred in not excluding the testimony of a psychologist presented by the State or, in the alternative, for not continuing the sentencing hearing;

(2)     the trial court erred in the application of enhancement factor (7) under Tennessee Code Annotated section 40-35-114;

(3)     the trial court erred in sentencing appellant to eighteen months incarceration;

(4)     the trial court erred in finding no mitigating factors;

(5)     the trial court erred in failing to grant appellant probation or another alternative sentence; and

(6)     his sentence has expired.

Although reviewed without the presumption of correctness, we conclude that the sentence is proper. Accordingly, the judgment of the trial court is affirmed.

In 1991, the forty-six-year old appellant was indicted for the aggravated rape of a fifteen-year-old female. Pursuant to a plea agreement, appellant consented to prosecution by information[1] on the charge of statutory rape, to which he pled guilty on May 28, 1992. The State dismissed the aggravated rape indictment. Although it was agreed that appellant would be sentenced as a Range I offender, there was no agreement concerning the length of appellant's sentence or the manner of its service.

According to statements in the presentence report, on the day of the offense, appellant was visiting the victim's mother and her boyfriend. On the pretense of driving the victim to the store, the victim left with appellant. He drove her to Martin's

---

[1]This procedure is outlined in Tennessee Code Annotated section 40-3-103 (1990).

Creek in Putnam County where he took her clothes off, held her down, and forcibly rape her once. The victim became pregnant as a result of the encounter and subsequently had an abortion.

A sentencing hearing was held on July 29, 1992[2]. Dr. Peggy Karlosky, a licensed psychologist who was treating the victim, testified for the State. The victim was referred to Dr. Karlosky by a member of the District Attorney's Office. Dr. Karlosky had diagnosed the victim as suffering from post-traumatic stress disorder as a result of the rape. She testified that the victim was very depressed, had severe anxiety, was fearful of all men and especially appellant, and was suicidal on one occasion. Dr. Karlosky believed that the victim would need continued counseling, remarking that she "has a long ways to go."

The victim's grandmother, her legal custodian, also testified about how the incident had adversely affected the victim. She testified that the victim was very happy and attended church regularly before the incident. After the incident, the victim became very depressed. She testified that the victim was fearful of the appellant. With respect to the pregnancy, a medical doctor advised her that the victim was incapable of carrying the child and the victim had an abortion as a result.

Although appellant did not testify at the sentencing hearing, he did provide his version of the incident in the presentence report. In that statement, appellant admitted having had sexual intercourse with the victim. However, he stated that it happened three months prior to the time alleged by the victim and that it was consensual. Appellant stated that he pled guilty because he "didn't want to take a chance on a jury trial."

---

[2]The excessive delay in the appeal of this case is very troubling. The notice of appeal was filed August 11, 1992. The transcript should have been filed within ninety days of the filing of a notice of appeal. Tenn. R. App. P. 24(b). However, nothing transpired in appellant's case until September 26, 1996 when the appellant filed a motion seeking permission to late file the transcript, which was not opposed by the State. The only reason cited for the delay was the court reporter's volume of work. On October 9, 1996, this Court granted the appellant up to and including December 30, 1996 within which to file the transcript. No explanation for the four year delay between the notice of appeal and the motion for late filing appears in the record.

3

The presence report reflects that appellant has a previous criminal history of six alcohol-related misdemeanor convictions occurring between 1972 and 1991. Although the presence officer only discovered three convictions, appellant reported three additional convictions in other counties. Appellant admitted to drinking alcohol on a daily basis and reported that he began drinking at age nine. He dropped out of high school in the tenth grade and had been unemployed since 1985. Appellant reported numerous health problems and had applied for disability benefits on three occasions, but was rejected each time. Post-judgment facts submitted for our consideration indicate that appellant underwent heart by-pass surgery in June of 1996.

The only proof introduced by appellant at the hearing was testimony from a home healthcare nurse who cared for his mother. She testified that appellant lives with his invalid mother and helps care for her. At the conclusion of the proof, the trial court sentenced appellant to serve eighteen months in the county jail.

Appellant first challenges the admission of testimony by Dr. Peggy Karlosky relative to the victim's mental condition. He argues that the State violated the discovery rules by failing to provide him with "any information concerning Dr. Karlosky's testimony nor had the defendant received a copy of same." See Tenn. R. Crim. P. 16. Therefore, he argues that her testimony should have been excluded, or in the alternative, that he should have been granted a continuance to prepare for her testimony. We conclude that any error in the admission of Dr. Karlosky's testimony was harmless beyond a reasonable doubt.

At the sentencing hearing, the trial court overruled appellant's objection to Dr. Karlosky's testimony, stating that the discovery rules did not apply to sentencing proceedings. To the contrary, the discovery rules are applicable in sentencing proceedings. See State v. Buck, 670 S.W.2d 600, 606 (Tenn. 1984); State v. Cottrell, 868 S.W.2d 673, 677 (Tenn. Crim. App. 1992) (stressing importance of complying with discovery rules at sentencing stage, as well as trial).

Tennessee Rule of Criminal Procedure 16(a)(1)(D) provides:

4

Reports of Examinations and Tests. - Upon request of a defendant, the state shall permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the state, the existence of which is known, or by the exercise of due diligence may become known, to the district attorney general and which are material to the preparation of the defense or are intended for use by the state as evidence in chief at trial.

In the context of appellant's case, this subsection required[3] the State to produce records, reports, or notes of Dr. Karlosky which she may have prepared in the course of her treatment of the victim. The State presented Dr. Karlosky to demonstrate the impact the rape had on the victim and her notes with respect to her diagnosis and treatment of the victim were discoverable by the defense. However, any error was harmless because it is apparent from the record that the trial court did not take into account Dr. Karlosky's testimony in any way in deciding the length or the manner of service of the appellant's sentence. The issue is without merit.

We now turn to appellant's issues (2), (3), and (4) which pertain to the length of his sentence.[4] When a defendant challenges his or her sentence, we must conduct a *de novo* review of the record. Tenn. Code Ann. §40-35-401(d) (1990). The sentence imposed by the trial court is accompanied by a presumption of correctness and the appealing party carries the burden of showing that the sentence is improper. Tenn. Code Ann. §40-35-401 Sentencing Commission Comments. The presumption, however, is conditioned upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Because of certain errors committed by the trial court, our review is without the presumption of correctness.

Appellant was convicted of a Class E felony, which has a Range I punishment of one to two years. Tenn. Code Ann. §39-13-506(d) (1991); Tenn. Code Ann. §40-

---

[3]The State's duty to disclose under the Rule is triggered by the request of the defendant, which is included in the record.

[4]Although appellant now contests the length of his sentence, the record reflects that his counsel suggested that the court sentence appellant to eighteen months with an alternative to incarceration.

5

35-112(a)(5) (1990). The presumptive sentence, without enhancement or mitigation, is the minimum within the range. Tenn. Code Ann. §40-35-210(c) (1990). The trial court gave the appellant a mid-range sentence because of his previous history of criminal convictions and because it found that the offense was committed to gratify the appellant's desire for pleasure or excitement. Tenn. Code Ann. §40-35-114(1), (7) (1990).

There is no issue about appellant's criminal history; he has multiple alcohol-related misdemeanor convictions. Appellant does contest, however, the application of enhancement factor (7), that the offense was committed to gratify the defendant's desire for pleasure or excitement. In applying the enhancement factor, the trial court remarked that it was "a close call" and that it had "questionable applicability." Nonetheless, the record reflects that the trial court did rely on that factor to enhance appellant's sentence.

We cannot agree with the trial court's application of the factor. In order for that factor to apply, the State bears the burden of demonstrating the defendant's motive for committing the offense. State v. Kissinger, 922 S.W.2d 482, 491 (Tenn. 1995); State v. Adams, 864 S.W.2d 31, 35 (Tenn. 1993). The factual record before us is completely devoid of any proof that the offense was committed for appellant's pleasure or excitement. Without affirmative proof in that regard, the factor may not be used to enhance appellant's sentence.

Nevertheless, upon our *de novo* review, we find an enhancement factor not applied by the trial court or raised by the State. Adams, 864 S.W.2d at 34. Because the offense resulted in pregnancy, it is proper to enhance appellant's sentence for the particularly great personal injuries inflicted upon the victim. Tenn. Code Ann. §40-35-114(6) (1990). An unwanted pregnancy for a fifteen-year-old, with the inherent physical discomfort and the need for an abortion, is sufficient to warrant application of that factor. State v. Smith, 910 S.W.2d 457, 461 (Tenn. Crim. App. 1995); State v.

6

Jones, 889 S.W.2d 225, 231 (Tenn. Crim. App. 1994). Appellant's prior criminal history and the victim's personal injuries justify a sentence at the midpoint of the range.

Additionally, appellant argues that the trial court erred in not applying any mitigating factors. He claims that the trial court should have reduced his sentence because his conduct neither caused nor threatened serious bodily injury and because substantial grounds exist tending to excuse or justify appellant's conduct. See Tenn. Code Ann. §40-35-113(1), (3) (1990). Our application of enhancement factor (6) regarding particularly great personal injury eliminates the consideration of mitigating factor (1).

With regard to mitigating factor (3), appellant contends that the victim's use of birth control pills and her sexual activity are grounds that tend to excuse or justify his conduct.[5] Aside from defense counsel's assertions in the record before us, there is no evidence of any promiscuous conduct by the victim. Moreover, by pleading guilty, the appellant waived any reliance on that defense. The issue is without merit.

Appellant also asserts that the trial court erred in denying an alternative sentence. The trial court stated that it could find nothing in the record to justify a "light sentence and be on probation." In its comments about the serious nature of the offense, the trial court implied that confinement was necessary to avoid depreciating the seriousness of the offense. Tenn. Code Ann. §40-35-103(1)(B) (1990). We agree.

Although appellant was presumed to be a favorable candidate for alternative sentencing, that presumption may be rebutted by evidence to the contrary. Tenn. Code Ann. §40-35-102(6) (1990). We agree with the trial court that confinement is necessary to avoid depreciating the seriousness of the offense. Tenn. Code Ann.

---

[5]At the time of the offense, it was a defense to statutory rape that the victim was at least fourteen years of age and had, prior to the time of the offense, engaged promiscuously in sexual penetration. Tenn. Code Ann. §39-13-506(b) (1991).

§40-35-103(1)(B) (1990). The record on appeal clearly reflects that the circumstances of the offense were especially horrifying, shocking, reprehensible, or offensive. Further, the nature of the offense outweighs all factors favoring a sentence other than confinement. State v. Bingham, 910 S.W.2d 448, 454 (Tenn. Crim. App. 1995).

The very act of a forty-six-year-old man having sexual intercourse with a child one-third his age is intensely shocking, repulsive, and reprehensible. See State v. Jackie B. Richardson, No. 85-140-III (Tenn. Crim. App. at Nashville, December 4, 1985) (finding that sexual battery of nine-year-old victim by forty-five year-old defendant was "especially shocking, reprehensible, and offensive"); State v. Roy M. Sharpe, No. 85-190-III (Tenn. Crim. App. at Nashville, November 8, 1985) (holding that twenty-five year old defendant having sexual relations with his girlfriend's twelve-year-old daughter is "especially shocking, reprehensible, and offensive").

Moreover, when we couple the vast age difference with evidence of the victim's ensuing pregnancy and the necessity of an abortion, we conclude that the State has presented more than sufficient proof to rebut the presumption of alternative sentencing. See State v. Armondo Hernandez Oliveria, No. 03C01-9611-CR-00417 (Tenn. Crim. App. at Knoxville, September 24, 1997), perm. app. filed (Tenn. December 1, 1997) (rejecting alternative sentence for statutory rape conviction based upon circumstances of the offense); State v. Daniel Arthur Schmidt, No. 03C01-9501-CR-00016 (Tenn. Crim. App. at Knoxville, August 3, 1995), perm. app. denied (Tenn. 1996) (rejecting alternative sentence for statutory rape conviction because nature of offense was reprehensible and offensive). Similarly, we believe these considerations outweigh the factors appellant advanced in favor of probation, i.e. the need to care for his ailing mother and his poor health.

In his final issue, appellant contends that his sentence has expired. The record reflects that appellant was sentenced in open court on July 29, 1992. To allow appellant an opportunity to decide whether to appeal, the trial court delayed appellant's confinement until August 12, 1992. Although an order allowing appellant

to remain on bond pending appeal was filed August 11, 1992, appellant reported to the jail on August 12, 1992 and began service of his sentence.  On August 17, 1992, he was released from custody on bond pending appeal.

According to appellant, he has effectively been on probation since he was released from jail and his sentence has expired.  This claim is wholly unfounded and unsupported by authority.  The record clearly reflects that appellant was released on bond pending appeal, per the order of the trial court.  The record contains no order of the trial court relative to probation.  We cannot permit appellant to spontaneously place himself on probation.

Similarly unpersuasive is appellant's reliance on State v. Walker, 905 S.W.2d 554 (Tenn. 1995).  The expiration of the sentence in Walker was premised on a defendant who was turned away from jail due to overcrowding.  Id. at 557.  That circumstance does not exist in appellant's case and Walker has no application here.  The other authority appellant relied upon in his brief is neither controlling nor persuasive.  Appellant's issue is without merit.

Having found no reversible error, we affirm the judgment of the trial court.

_____
William M. Barker, Judge

_____
Joe B. Jones, Presiding Judge

_____
Paul G. Summers, Judge

9