IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
June 21, 2005 Session

## STATE OF TENNESSEE v. ROBERT ANTHONY STEWART, JR.

**Appeal from the Circuit Court for Bedford County**
**Nos. 15374, 15377, and 15379    Charles Lee, Judge**

----

**No. M2004-02122-CCA-R3-CD - Filed November 17, 2005**

----

The state appeals the Bedford County Circuit Court's suppression of statements made by the defendant at the defendant's second sentencing hearing. It claims that despite its failure during discovery to give the defendant notice of his statements, the trial court abused its discretion in suppressing the state's evidence, which it contends is the most drastic measure available and should only be employed when no other appropriate remedy exists. The state argues that granting the defendant a continuance would have been an appropriate remedy. We conclude the trial court erred in suppressing the statements and remand the case for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Reversed, Case Remanded**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and J. C. MCLIN, J., joined.

Paul G. Summers, Attorney General and Reporter; Preston Shipp, Assistant Attorney General; William Michael McCown, District Attorney General; and Michael David Randles and Ann L. Filer, Assistant District Attorneys General, for the appellant, State of Tennessee.

Fletcher W. Long and Mattie Lee Bhela, Springfield, Tennessee, for the appellee, Robert Anthony Stewart, Jr.

### OPINION

This case relates to the defendant's convictions on March 9, 2004, for selling cocaine. The evidence produced at trial showed that the Seventeenth Judicial Drug Task Force ("drug task force") received information from a confidential informant that the defendant was selling cocaine to her. Based upon this information, the drug task force arranged controlled purchases of cocaine from the defendant, which concluded with the defendant selling the informant cocaine on three separate occasions.

At the sentencing hearing, Director Tim Lane of the drug task force testified that after the defendant's arrest, he spoke to the defendant. He said the defendant told him that he was involved regularly in the distribution of crack cocaine, acquiring and selling between one-half ounce and one ounce of cocaine per week. He said the defendant admitted selling cocaine for approximately two and one-half years. Based in part upon these statements, the trial court sentenced the defendant to concurrent terms of eight years and two months for the first two convictions to be served consecutively to a term of eight years and ten months for the third conviction for an effective sentence of seventeen years in the Department of Correction.

On May 13, 2004, the defendant filed a motion for new trial, alleging, among other things, that the state violated discovery rules by failing to notify the defendant of the statements he made to Director Lane. The trial court denied the defendant's motion for new trial on June 28, 2004, but ordered a new sentencing hearing based upon the state's discovery violation. On July 2, 2004, the state provided an amended discovery response to the defendant informing him of the statements he made to Director Lane. On July 9, 2004, the trial court conducted a second sentencing hearing at which it suppressed the defendant's statements based upon the state's discovery violation. It then imposed a sentence of ten years and four months for the first two convictions and eleven years for the third conviction and ordered the sentences to be served concurrently for an effective sentence of eleven years.

The state contends the trial court erred in suppressing the defendant's statements at the second sentencing hearing. It claims that the suppression of evidence is a drastic remedy and that the trial court abused its discretion because other reasonable alternatives existed to the suppression of the statements. It argues that the trial court could have granted the defendant a continuance. The defendant responds that the statements must be suppressed because the state's failure to notify him of the statements pursuant to his discovery request precluded him from filing a motion to suppress those statements at the trial, resulting in prejudice to him at the sentencing hearing. He also contends that the trial court's order suppressing the statements is justified in order to discourage the prosecution from engaging in similar misconduct in the future. He claims that the trial court did not abuse its discretion in suppressing the statements and that suppression was not the most drastic remedy available to the trial court. We agree with the state.

Initially, we note that the state argued in the trial court that it was not obligated to turn over the defendant's statements under Rule 16(a)(1)(A) of the Tennessee Rules of Criminal Procedure because it did not use the defendant's oral statement at the trial. It claimed that the sentencing hearing was not a part of the trial and that Rule 16 did not mandate disclosure of the statement to the defense. On appeal the state claims that whether the "at the trial" language of the rule applies to the sentencing hearing is a question of first impression in Tennessee. It does not, however, argue for any particular outcome. In response, the defendant asserts that the "at the trial" language of the rule applies to the sentencing hearing, thereby requiring the state to have disclosed the defendant's statement. We believe we must address this issue.

Rule 16(a)(1)(A) of the Tennessee Rules of Criminal Procedure provides for discovery of statements made by the defendant. It provides, in relevant part, that

> Upon request of a defendant the state shall permit the defendant to inspect and copy or photograph: . . . the substance of any oral statement which the state intends to offer in evidence at the trial made by the defendant whether before or after arrest in response to interrogations by any person then known to the defendant to be a law-enforcement officer . . . .

Tenn. R. Crim. P. 16(a)(1)(A) (emphasis added).

This court has previously stated that Rule 16 applies to sentencing hearings. See State v. Cottrell, 868 S.W.2d 673, 677 (Tenn. Crim. App. 1992) ("Adherence to the rules governing discovery is often as important at the sentencing stage as it is at the trial stage."). In State v. Max Eugene Martin, No. 01C01-9609-CR-00415, Putnam County, slip op. (Tenn. Crim. App. April 20, 1998), the defendant pled guilty but left for the trial court to determine all questions regarding sentencing. At the sentencing hearing, the defendant objected pursuant to Rule 16 to the state's introduction of expert testimony. The trial court overruled the defendant's objection on the ground that Rule 16 discovery did not apply to sentencing hearings. On appeal, this court stated,

> To the contrary, the discovery rules are applicable in sentencing proceedings. See State v. Buck, 670 S.W.2d 600, 606 (Tenn. 1984); State v. Cottrell, 868 S.W.2d 673, 677 (Tenn. Crim. App. 1992) (stressing importance of complying with discovery rules at sentencing stage, as well as trial).

> Tennessee Rule of Criminal Procedure 16(a)(1)(D) provides:

> > Reports of Examinations and Tests.--Upon request of a defendant, the state shall permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the state, the existence of which is known, or by the exercise of due diligence may become known, to the district attorney general and which are material to the preparation of the defense or are intended for use by the state as evidence in chief at trial.

> In the context of appellant's case, this subsection required the State to produce records, reports, or notes of Dr. Karlosky which she

may have prepared in the course of her treatment of the victim. The State presented Dr. Karlosky to demonstrate the impact the rape had on the victim and her notes with respect to her diagnosis and treatment of the victim were discoverable by the defense. However, any error was harmless because it is apparent from the record that the trial court did not take into account Dr. Karlosky's testimony in any way in deciding the length or the manner of service of the appellant's sentence.

Martin, slip op. at 4-5 (emphasis added) (footnote omitted). We note that the language in (a)(1)(A) provides for discovery when the state intends to use the evidence "at the trial," but the language in (a)(1)(D) provides for discovery only when the state intends to use the evidence "as evidence in chief at trial." Nevertheless, this court concluded in Martin that Rule16(a)(1)(D) applied to sentencing hearings, and we likewise conclude that the "at the trial" language in Rule 16(a)(1)(A) applies to sentencing hearings.

In suppressing the statements, the trial court stated,

What . . . you are asking me to do is allow the State to–I am not accusing the State of this in this case, but you are asking me to allow the State to go until they get caught, then be able to go again.

Because you have gotten caught. I am not accusing the State of doing anything but perhaps not being familiar with the rules.

But this statement should have been given to the defendant before the hearing. On that you will agree?

If a party fails to comply with a defendant's discovery request, the trial court "may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances." Tenn. R. Crim. P. 16(d)(2).

However, a trial court should avoid the drastic remedy of suppressing evidence based upon a discovery violation "unless there is no other reasonable alternative." State v. Smith, 926 S.W.2d 267, 270 (Tenn. Crim. App. 1995) (citing State v. House, 743 S.W.2d 141, 147 (Tenn. 1987)). In fashioning a remedy, the trial court should consider the prejudice, if any, resulting to the defendant as a result of the state's discovery violation. See State v. Baker, 751 S.W.2d 154, 160 (Tenn. Crim. App. 1987). The appropriate remedy for a discovery violation is often a continuance. See State v. Cottrell, 868 S.W.2d 673, 677 (Tenn. Crim. App. 1992).

We note the record is devoid of any evidence of the state's intentionally violating Rule 16. We conclude no justification exists for the trial court to have suppressed the evidence in order to deter the state from future conduct in derogation of the rule.

The defendant contends that suppression was the appropriate remedy because he was prejudiced by the state's failure to inform him of his statements. He claims he would have sought to suppress the statements by way of pre-trial motion had he known about them. We disagree that the defendant was prejudiced because we conclude that the trial court could have given him the opportunity to suppress the statements. <u>See</u> Tenn. R. Crim. P. 12(f) ("Failure by a party to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court pursuant to subdivision (c), or prior to any extension thereof made by the court, shall constitute waiver thereof, <u>but the court for cause shown may grant relief from the waiver</u>.") (emphasis added). We conclude that the trial court abused its discretion in suppressing the statements.

Based on the foregoing and the record as a whole, we reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.

_____
JOSEPH M. TIPTON, JUDGE