# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | **C. C. A. NO. 02C01-9712-CC-00477** |
| | ) | |
| vs. | ) | **HARDEMAN COUNTY** |
| | ) | |
| **JOHNNIE O. HOWARD,** | ) | **No. 6086** |
| | ) | |
| Appellant. | ) | |

**FILED**

**February 3, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

<u>**O R D E R**</u>

This matter is before the Court upon the state's motion to affirm the trial court judgment by order pursuant to Rule 20, Rules of the Court of Criminal Appeals. The appellant is appealing the sentence imposed by the trial court upon his guilty plea to DUI, third offense. The court imposed a sentence of 11 months and 29 days on the present offense, ordering the appellant to serve 120 days and suspending the balance. The appellant argues on appeal that the trial court improperly enhanced his sentence pursuant to T.C.A. § 55-10-403(a)(1) because the state failed to prove that the appellant was advised during his prior guilty pleas that those convictions could be used to enhance future sentences. This is the only issue raised on appeal.

The record reflects that the appellant pled guilty to DUI in 1990 and again in 1992. These judgments are valid on their face. The appellant's attack in this case would necessarily involve investigation beyond the face of the judgment. An appellant may not collaterally attack a facially valid judgment in a subsequent proceeding in which the challenged conviction is used to enhance punishment. State v. McClintock, 732 S.W.2d 268 (Tenn. 1987); State v. Cottrell, 868 S.W.2d 673 (Tenn. Crim. App. 1992). The appellant's issue is without merit.

Accordingly, the state's motion is granted. It is, therefore, ORDERED that the trial court judgment is affirmed in accordance with Rule 20, Rules of the Court of

Criminal Appeals.  Costs of this appeal shall be assessed to the appellant.

_____
JOHN EVERETT WILLIAMS, JUDGE


_____
DAVID G. HAYES, JUDGE


_____
JOE G. RILEY, JUDGE