## THE MAYOR AND CITY COUNCIL OF NASHVILLE v. ANDERSON THOMPSON.

1. PLEADINGS AND PRACTICE. *Plea in abatement.* Upon a trial before a judge of the city court, there was a conviction and appeal to the circuit court, where the defendant filed a plea in abatement averring the incompetency of the city judge to hold the office. Upon demurrer plea was disallowed. *Held,* That the plea came too late. The trial in the circuit court was *de novo.*

2. OFFICER DEFACTO. *Official acts valid.* If the city judge was incompetent, yet having been appointed according to the form of law, his official acts are binding and valid. He could only be removed from office and his powers terminated by proper proceedings for that purpose.

### FROM DAVIDSON.

Appeal tn error from the Circuit Court of Davidson county. FRANK T. REID, J.

J. C. BRADFORD and A. S. COLYAR for Nashville.

W. K. MCALLISTER, JR., for Thompson.

COOKE, Sp. J., delivered the opinion of the court.

Thompson, the defendant, was arrested upon a warrant issued by R. Ewing as judge of the city court, in. the name of the Mayor and City Council of Nashville, charging him with violating an ordinance of said city by blowing up rock with gunpowder in the corporate limits without a sufficient covering of planks or scantling to prevent the rocks from escaping abroad, and thus endangering the lives and property of the citizens. He was arraigned be-

fore said Ewing, acting judge of the city court, and
tried upon said charge, found guilty, and fined ten
dollars, whereupon he appealed to the circuit court
of Davidson county. In the circuit court he filed
a plea in abatement, by which he averred that the
said R. Ewing had been designated by the mayor and
city council, by ordinance, to hold the city court, yet
the said R. Ewing is now, and was at the time of
his appointment as city judge, a member of the Board
of Public Works and Affairs of the city of Nash-
ville, whose duties are defined by law, and that by
the provisions of the charter of said city the mem-
bers of said board are required to devote their time
and attention to said duties, and not actively engage
in any other business. That said board of public
works, etc., is a department of the city government,
whose duties are defined by State law, and cannot be
increased or diminished by municipal ordinance; and
that the appointment of said R. Ewing to hold the
city court is in direct contravention of the aforesaid
provisions of the charter requiring said board to de
vote their time and attention to said duties, and not
actively engage in any other kind of business; and
therefore defendant pleads to the jurisdiction of the
said R. Ewing to try him on the warrant in this
case, and prays judgment, etc.

To this plea there was a demurrer, which was sus-
tained by the court, and the plea disallowed. There-
upon the defendant was tried upon said charge and con-
victed, and a new trial having been refused him he
appealed to this court. The failure of the court to

sustain said plea in abatement, and his action in sus-
taining said demurrer is the only error now assigned
or relied upon for reversal.　The plea in abatement,
if there were no other objections to it, came too late.
In the case of *Wroe and Wife* v. *Greer*, 2 Swan, 72, 172,
it was held by this court that the fact that a justice
of the peace who tried the cause was incompetent
by reason of his relationship to one of the parties,
is not legitimate matter for a plea in abatement in
the circuit court after the cause has been removed
into that court by appeal.　This ruling was reaffirmed
in the case of *Crozier* v. *Goodwin et al.*, 1 Lea, 125.
In the case first cited the court say: "The appeal
to the circuit court had the effect to supersede the
judgment of the justices, and the case was now to
be tried *de novo* upon its merits before a competent
court.　It was the same as if the case had been
originally instituted in that court; and the question
as to the competency of the justice had ceased to be
of utility or effect in the case, now that it was no
longer before him, and was again to be tried upon
its original facts in the same manner as if there had
been no former trial."　And in the latter case they
say: "It would be monstrous to allow a party to
acquiesce in the action of such (incompetent) court
without objection, and then, on appeal, show the fact
as ground for reversal."　There was no objection taken
to the competency of the judge of the city court or
to his jurisdiction to try the defendant upon said
charge.　But after the defendant had taken the chances
of a trial upon the merits of his case, and had been

convicted, and taken the case by appeal to the circuit court, when the cause was in that court, he undertook to file a plea to the jurisdiction of the judge of the city court after that jurisdiction had been completely exercised and the case taken by appeal into another tribunal. Upon principle this cannot be done.

Again, if it were conceded that the facts stated in the plea disqualified the Hon. R. Ewing, and rendered him ineligible to hold the office or position of judge of the city court, that question cannot be raised or inquired into in the manner here attempted.    It is conceded that the mayor and city council were the proper appointing power to fill the office of judge of the city court, and that the Hon. R. Ewing was appointed by them to that office in accordance with the forms of law, and the only question attempted to be made by the plea or in argument is as to his disqualification to fill the office, for the alleged reasons of the duties and requirements imposed upon him by law as a member of the board of public works and affairs.    A person inducted into an office according to the forms of law is an officer *de facto*, although incompetent by the provisions of the Constitution to hold the office, and his competency can not be enquired into by the parties affected by his acts; *Blackburn* v. *The State*, 3 Head, 690.    In that case the Hon. John P. Murray had been appointed a circuit judge to fill a vacancy occasioned by the death of Hon. John L. Goodall.    Blackburn was indicted at a term of the circuit court held by Judge Murray, and upon his arraignment filed a plea in abatement,

that the said John P. Murray, who presided at the term of the court at which he was indicted, was under thirty years of age, and therefore not competent to exercise the functions of a judge of the circuit court in this State. A demurrer to the plea was sustained by the circuit court, and upon appeal was affirmed by this court. Judge Caruthers delivering the opinion of the court, said: "It is true the Constitution requires a circuit judge to be thirty years of age. But if the appointing power confers the office upon one who is not competent by that test, the question is as to the effect upon his judgments while he occupies and acts in the position. We think it is well settled that the judgments and official acts of an officer *de facto* are binding and valid, and the competency of a functionary acting under commission cannot be inquired into by parties affected by them. This principle was adopted through necessity to save the rights of persons having an interest in them, and to prevent a failure of justice. * * The Governor's commission renders the functionary competent, and clothes him with powers of the office so far as his official acts are brought in question by the parties concerned or affected by them. He may be removed from the office, and his powers terminated by the proper proceedings; but until that is done his acts are binding." In *Calloway* v. *Sturm,* 1 Heis., 764, the same principle was fully recognized. The Hon. Horace Maynard, who was a member of Congress, was appointed a judge of this court by the then Governor to fill a vacancy. As a member of

Congress, both by the provisions of the Constitution and the Code, he was rendered ineligible to hold any office under the State Government, and was guilty of a misdemeanor in holding any such office: Const., Art. 6, sec. 7; Code, sec. 748. While acting as such special judge he granted a writ of error and super-sedeas, and a motion was made in this court at Knoxville to dismiss these writs upon the ground that Mr. Maynard had no authority as judge of the Supreme Court to grant them for the reason that being a member of Congress he was inelligible to the office of supreme judge, and consequently his appointment was illegal and void. While it was adjudged in that case that his appointment was illegal, yet it was held that he was a judge *de facto*, and his judicial acts were valid, and the motion to dismiss the writs was disallowed. Chief Justice Nicholson, who delivered the opinion of the court in that case, said, "It is well settled that the judgments and official acts of an officer *de facto* are binding and valid; and the competency of the functionary can not be inquired into by parties affected by them. He may be removed from office and his powers terminated by the proper proceedings, but until that is done his acts are binding.

The same principle was decided in *Bales* v. *Dyer*, 9 Hum., 162. In that case a person who was ineligible was elected sheriff and inducted into the office, and while acting as such he executed a sheriff's deed to a tract of land. It was held that notwithstanding his ineligibility he was sheriff *de facto*, and his official acts were valid, and hence his deed was operative to

convey the title to the land. Also in *Moore* v. *The State*, 5 Sneed, 510, it was held that the Courts will not look back into informalities in the election of a county judge for the purpose of avoiding his judicial acts. So in the case of *Ward* v. *The State*, 2 Cold., 605, in regard to a clerk of the county court. Numerous other authorities to the same effect might be cited, but the above are sufficient to show that the current of our own decisions is unbroken that the jurisdiction and authority of an officer *de facto*, although he may be ineligible to the office, cannot be questioned or inquired into in this manner, and that his authority is complete, and his official acts valid and binding, until he is removed in the manner prescribed by law.

To hold otherwise would be to obstruct and encumber the administration of justice by permitting any one who is arraigned or impleaded in a court to put in issue and try the competency or eligibility of the judge.

In this view it is unnecessary to consider the matters alleged by said pleas as rendering Judge Ewing ineligible to the office of judge of said city court further than to say, there is neither salary, emoluments or perquisites attached to said office, and hence it is not lucrative. And we see no legal grounds of disqualification in any of the matters averred as rendering him incompetent. However, as this question does not properly arise upon this record, it is unnecessary to discuss or determine it.

There is no error in the record, and the judgment of the circuit court must be affirmed.