34

BESSIE MARTIN

*v.*

MARY P. DOWLING, et al.

(*Nashville,* December Term, 1957.)

Opinion filed July 11, 1958.

J. Shelby Coffey, Jr., Columbia, for appellant.

MacFarland, Colley & Douglas, Columbia, for appellees.

Mr. Justice Prewitt delivered the opinion of the Court.

This is an appeal from a decree of the Chancery Court of Maury County, sustaining a demurrer to the bill of Bessie Martin and dismissing her suit.

It seems that complainant, Bessie Martin, married Howard T. Perry in Maury County in 1916. She filed suit for divorce against him in Maury County in 1919, obtaining service of process by publication. She was granted a divorce by the Honorable W. C. Whitthorne, sitting by interchange for the Chancellor. Judge Whitthorne was at that time County Judge of Maury County and Judge of the Maury County Criminal Court.

In 1957, after the death of Howard T. Perry in Florida, and some 37 years after the suit was retired, the complainant instituted this suit in the Chancery Court of Maury County to have her divorce decree declared void and of no effect in order that she might participate in the distribution of Howard Perry's estate, on the ground that the Judge, who rendered her decree, had no authority or jurisdiction to hear the cause and render judgment.

The defendants, the administratrix and next of kin of the deceased, Howard T. Perry, demurred to the original bill on the ground that it appeared from the bill (1) that the Honorable W. C. Whitthorne was Judge of the Maury County Criminal Court, a Criminal Court and a Special Court under the statutes providing that circuit judges and chancellors, for mutual convenience, may interchange with each other or with judges of circuit, criminal or other special courts, and that the complainant's divorce decree was therefore in all respects regular and valid; (2) that Judge Whitthorne was in any event an officer *de facto,* whose decree cannot be attacked by the complainant; (3) that in view of the lapse of time shown in the bill, it must now be presumed that Judge Whitthorne had in fact the authority he undertook to exercise; (4) that the complainant, having instituted the former suit,

procurred the decree complained of and taken advantage of it to obtain real property of Howard Perry, is now estopped to deny the validity of the decree and cannot be heard to impeach it; (5) that the complainant's suit is barred by her laches; (6) that, the complainant having failed to tender the return of the properties decreed to her in the former suit or to account therefor, her bill shows a manifest want of equity on its face; and (7) that the complainant's suit is barred by the statute of limitations.

The Chancellor sustained the first ground of defendant's demurrer and dismissed the complainant's bill, stating that in view of his opinion upon the first ground it was unnecessary to consider the other grounds of the demurrer.

Thereupon the complainant prayed and perfected her appeal to this Court, assigning as her sole ground of error the action of the Chancellor in sustaining the defendants' first ground of demurrer.

We are of the opinion that the action of the Chancellor in the court below was correct. First, because Judge Whitthorne was the judge of a criminal or other special court and fully authorized by law to interchange with the regular chancellor when he entered the complainant's divorce decree; and second, because the Chancellor reached the right result in any event, since the defendants' demurrer should be sustained.

It appears that Judge Whitthorne, as Judge of the County Court of Maury County, was also, by statute, Judge of the Criminal Court for Maury County. See Shannon's Annotated Code of Tennessee, Acts of 1899, Chapter 376, sec. 12.

38

■ The judicial acts of one in possession of a judicial office created and in existence by law, under color of right, assuming and exercising the functions of such office with a good faith belief in his right to exercise such authority, invoked and acquiesced in by the parties, the bar, court officials and the public, are those of a *de facto* officer. *Blackburn v. State,* 40 Tenn. 690; *Rideout v. State,* 161 Tenn. 248, 30 S.W.2d 255, 71 A.L.R. 830.

■ Furthermore, it appears here that Mrs. Martin went into court and procured affirmative relief at the hands of Judge Whitthorne and by doing so she waived any objection to his qualifications. *Radford Trust Co. v. East Tennessee Lumber Co.,* 92 Tenn. 126, 21 S.W. 329.

The original bill recites that Judge Whitthorne, who granted the divorce decree under attack in this suit, was at that time County Judge of Maury County. He was also, therefore, Judge of the Criminal Court for Maury County, since Chapter 376, sec. 12 of the Acts 1899.

The right of Chancellors to interchange was then governed by Shannon's Annotated Code of Tennessee 1917-18, secs. 5709 and 5710.

The original bill shows on its face that the complainant waived any right to object to the trial of her suit before Judge Whitthorne, and consented thereto; and she is now estopped to deny the validity of his decree. The rule is stated in 31 American Jurisprudence, Judgments, sec. 432.

"Sec. 432. Estoppel.—The circumstances of a particular case may be such as to estop a person from setting up the invalidity of a judgment. In this connection it has been held that a party cannot be heard to impeach a

judgment which he himself has procured to be entered in his own favor, and that one who accepts and retains the fruits of a void judgment is estopped from denying its validity. These rules are peculiarly applicable where the attack upon the judgment is made in a collateral proceeding.''

██ ''Ordinarily, objections to the appointment or authority of a special or substitute judge may be waived, either expressly, or by proceeding in the cause before him without objecting. Ordinarily, the objection must be made at or before trial. If not made in the trial court, it will be regarded as waived, and cannot be made for the first time on appeal.'' 30 American Jurisprudence, Judges, sec. 108.

Thus we find no error in the decree of the Chancellor and it is affirmed.

TOMLINSON, BURNETT and SWEPSTON, JUSTICES, concurring.

NEIL, CHIEF JUSTICE, not participating.