# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## JANUARY 1998 SESSION

FILED

June 16, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 01C01-9703-CR-00071 |
| Appellee, | ) | |
| | ) | DAVIDSON COUNTY |
| VS. | ) | |
| | ) | HON. FRANK G. CLEMENT, JR. |
| MARK JOHN TURNER, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Driving Under the Influence) |

FOR THE APPELLANT:                        FOR THE APPELLEE:

**C. EDWARD FOWLKES**                     **JOHN KNOX WALKUP**
172 Second Ave., North                    Attorney General & Reporter
Suite 214
Nashville, TN 37201-1908                  **ELIZABETH B. MARNEY**
                                          Asst. Attorney General
                                          John Sevier Bldg.
                                          425 Fifth Ave., North
                                          Nashville, TN  37243-0493

                                          **VICTOR S. JOHNSON, III**
                                          District Attorney General

                                          **BERNARD F. McEVOY**
                                          Asst. District Attorney General
                                          Washington Square, Suite 500
                                          222 Second Ave., North
                                          Nashville, TN 37201

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

# O P I N I O N

In 1996, the defendant was convicted by a jury of driving under the influence of an intoxicant (DUI), second offense. The trial court sentenced him to eleven months, twenty-nine days incarceration, all but fifty-five days suspended,[1] with the balance to be served on probation. He now presents several arguments why enhancement to second-offense DUI was improper. After a review of the record, we affirm.

To enhance the defendant's DUI conviction to second-offense DUI, the State relied upon a 1990 conviction for DUI. The defendant sought to have the 1990 conviction declared void as an enhancement factor on the basis that the record did not reflect strict compliance with statutory provisions regarding the election of the special judge who accepted the guilty plea that led to the conviction. The trial court denied the defendant's motion.

During that portion of the defendant's trial relating to whether his DUI offense was a second offense, the State introduced into evidence a copy of the judgment from the 1990 conviction. The 1990 judgment reflected that the defendant in that case, "Mark Turner," pled guilty to first-offense DUI and was sentenced to eleven months, twenty-nine days incarceration, with all but forty-eight hours suspended.[2] The copy of this judgment is not certified and the only stamp reflected on it is one dated March 4, 1997, which is the date the appellate record was prepared.

---

[1]The judgment form is internally inconsistent, in that in one place, it states that all but fifty-five days is suspended while in another place, it states that all but sixty days is suspended. Both parties represent in their briefs that all but fifty-five days of the sentence is suspended.

[2]While looking at the 1990 judgment form, a Davidson County probate court clerk testified that the judgment form listed the offender's name as "Mark J. Turner." The copy of the judgment form contained in the record on appeal, however, lists the offender's name merely as "Mark Turner." Because neither party questions this discrepancy, however, neither will we.

The State also introduced into evidence a copy of the arrest warrant underlying the 1990 conviction, a copy of the arrest warrant in the present case, and the testimony of a Davidson County probate court clerk. Through the clerk's testimony, the State compared the arrestee's personal information and physical characteristics listed on the arrest warrant from the 1990 DUI conviction with those on the arrest warrant in this case in an effort to prove that the offender in both cases was the defendant. In so doing, the clerk testified that both arrest warrants reflected that the arrestee was a 5'11" white male named Mark John Turner and born October 29, 1958. She testified that the arrest warrant in the present case reflected the defendant weighed 170 pounds and had hazel eyes and brown hair, while the prior arrest warrant reflected the arrestee weighed 160 pounds and had green eyes. When asked what color of hair the prior arrest warrant reflected, the clerk noted that the abbreviation "BL" was used and explained that notation could mean either black or blond hair. The residential addresses listed on the two arrest warrants were different.

First, the defendant argues that the trial court erred in admitting the notations of physical characteristics listed on the prior arrest warrant for the purpose of proving identity, that is, that the defendant was the same person arrested for and ultimately convicted of DUI in 1990. He argues that the admission of this evidence violated his rights under the Confrontation Clause of the United States Constitution and violated the hearsay rule as stated in Tennessee Rule of Evidence 803(8).

This Court has held that the admission of court records into evidence for the purpose of proving habitual offender status does not violate a defendant's constitutional right to confront his or her accusers. State v. Miller, 608 S.W.2d 158, 160-61 (Tenn. Crim. App. 1980). A defendant does not have the right to re-examine witnesses from proceedings relating to prior offenses because he or she had the right to confront them

3

during the prior proceedings.  Id. at 161 (citing People v. Bryan, 83 Cal. Rptr. 291, 303 (Ct. App. 1970)).  This reasoning is applicable here.  Thus, the defendant's constitutional challenge to the admission of the prior arrest warrant must fail.

The defendant also argues that admitting the prior arrest warrant into evidence violated the rule against hearsay and that this type of evidence is specifically forbidden by Tennessee Rule of Evidence 803(8).  Rule 803 provides, in pertinent part:

> The following are not excluded by the hearsay rule:
>
> . . .
>
> (8) Public Records and Reports.  Unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness, records, reports, statements, or data compilations in any form of public offices or agencies setting forth the activities of the office or agency or matters observed pursuant to a duty imposed by law as to which matters there was a duty to report, excluding, however, matters observed by police officers and other law enforcement personnel.

The State argues that because Rule 803(8) has language similar to the corresponding federal rule, we should follow the federal cases that allow into evidence as a hearsay exception those police records that are prepared in a "routine, non-adversarial setting."  United States v. Quezada, 754 F.2d 1190, 1194 (5th Cir. 1985), cited in United States v. Brown, 9 F.3d 907, 911 (11th Cir. 1993); see United States v. Grady, 544 F.2d 598, 604 (2d Cir. 1976).  These cases are distinguishable from the instant case.

In United States v. Grady, Irish police records containing serial numbers of exported guns were admissible under the public records exception for "the limited purpose" of showing that specified weapons were found in North Ireland after their purchase from the defendant dealer.  Grady, 544 F.2d at 604.  Similarly, in United States

v. Quezada, the court held that admitting a warrant of deportation, which included evidence of the defendant's prior arrest and deportation such as the defendant's thumbprint, was admissible under the public records exception to prove that the defendant had in fact been previously arrested and deported. Quezada, 754 F.2d at 1194-95. The Quezada court acknowledged that under different circumstances, other federal courts have applied the public records exception in a more strict manner, but it determined that the information on the warrant of deportation reflected merely "routine, objective observations" that were more reliable than observations of law enforcement personnel investigating crime, the type of observations it perceived was targeted by the specific exclusion in the public records exception. Id. 1194, 1193 & n.9. Persuaded by this reasoning, the Eleventh Circuit in United States v. Brown held that a property receipt for a confiscated gun admissible under the business records exception did not run afoul of the exclusionary language in the public records exception, where the gun was accidentally destroyed prior to trial and the property receipt was admitted presumably to prove the gun had existed. Brown, 9 F.3d at 911-12.

These federal cases have one thing in common, that is, the information admitted into evidence---a thumbprint, a property receipt, serial numbers from guns---was gathered and recorded in a strictly routine manner, such that it could be considered more reliable than subjective observations. See Brown, 9 F.3d at 911-12; Quezada, 754 F.2d at 1193-94; Grady, 544 F.2d at 604. The notations of the arrestee's personal characteristics on the prior warrant, however, do not appear to fall into this category. The trial court surmised that the physical characteristics might have been copied from the arrestee's driver license, but the record fails to reflect that this was the case. For as much as the record shows, the arresting officer could have relied upon his own subjective observations of the arrestee's physical characteristics in order to complete this portion of the arrest warrant. The name and birthdate reflected on the prior arrest warrant would

5

be admissible into evidence because gathering that information does not depend upon a police officer's subjective observations. See State v. Woodall, 729 S.W.2d 91, 95 (Tenn. 1987)(where defendant did not challenge identity, arrest warrants were admissible to prove dates of prior offenses for the purpose of establishing habitual offender status). Had the record established that the arresting officer did not use his subjective observations of the arrestee's physical characteristics and had instead copied these statistics from the arrestee's driver license, for example, then these notations might also have been admissible. See State v. Baker, 842 S.W.2d 261, 264 (Tenn. Crim. App. 1992)(defendant's driving record admissible under Tenn. R. Evid. 803(8)); see also State v. Rea, 865 S.W.2d 923, 924 (Tenn. Crim. App. 1992)(Alabama traffic ticket admissible to prove defendant's prior DUI conviction, where ticket reflected the case number, court action, and disposition). However, because this was not the case, we think this evidence is the type of evidence the plain language of Rule 803(8) excludes from evidence. Thus, we hold this evidence was improperly admitted under Rule 803(8).

The error in admitting that evidence, however, was harmless. The properly admitted evidence established that the person arrested and ultimately convicted of DUI in 1990 shared the same name with the defendant, which is prima facie evidence of identity. State v. Cottrell, 868 S.W.2d 673, 678 (Tenn. Crim. App. 1992). The evidence also showed that the defendant's birthdate and the birthdate of the person previously arrested and ultimately convicted for DUI were identical. The defendant offered no evidence to rebut the prima facie evidence that he was in fact the person the State sought to prove he was, i.e., the "Mark John Turner" previously arrested and ultimately convicted of DUI in 1990. Thus, the error in admitting the notations of physical characteristics listed on the prior arrest warrant does not affirmatively appear to have affected the jury's conclusion that the defendant had been previously convicted of DUI, which prevents a reversal on the basis of this error. Tenn. R. Crim. P. 52(a).

6

The defendant also challenges the sufficiency of the proof regarding his identity as the person convicted of DUI in 1990. The defendant argues that without the evidence of physical characteristics noted on the prior arrest warrant, the record contains no evidence he was previously convicted of DUI. As we have stated, however, the name and birthdate listed on the prior arrest warrant is ample proof of identity. See Cottrell, 868 S.W.2d at 678. Moreover, the State presented a copy of the 1990 judgment, which reflects a DUI conviction and sentence for "Mark Turner." This judgment was not certified, so it was not self-authenticating under Tennessee Rule of Evidence 902(4). Our independent review of the transcript reveals that the 1990 judgment was not properly authenticated by an individual with personal knowledge that the writing met the requirements of Tennessee Rule of Evidence 901, Neil P. Cohen et al., Tennessee Law of Evidence § 901.8, at 621 (3d ed. 1995), but our independent review also reveals that the defendant failed to object to the lack of authentication, which constitutes waiver of that issue, see State v. Walker, 910 S.W.2d 381, 396 (Tenn. 1995)("A trial court cannot be held in error when it is not given an opportunity to rule on an issue at an appropriate time during the course of the trial."); State v. Robert Jay Bridwell, No. 03C01-9708-CC-00326, Blount County (Tenn. Crim. App. filed September 15, 1998, at Knoxville). The prior arrest warrant and the 1990 judgment provide sufficient evidence to support the jury's conclusion that the defendant had been previously convicted of DUI.

Next, the defendant argues that the trial court erred in denying his motion to dismiss the indictment and/or strike the enhancement factors because the court minutes from the 1990 DUI conviction fail to reflect that the special judge who accepted the guilty plea was duly elected and was administered the oath of office pursuant to T.C.A. § 17-2-118 and § 17-2-120. He also argues that the trial court erred by not allowing him to present as a defense to second-offense DUI his contention that the 1990 judgment was facially invalid and thus could not serve as a basis for enhancement.

7

The record supporting the 1990 judgment consists of the arrest warrant and the court minutes of a guilty plea hearing. The court minutes begin with the following statement: "COURT MET PURSUANT TO ADJOURNMENT, PRESENT AND PRESIDING THE HONORABLE SETH NORMAN, SPECIAL JUDGE FOR THE HONORABLE JAMES R. EVERETT JR., JUDGE OF THE PROBATE COURT FOR DAVIDSON COUNTY, TENNESSEE . . . ." The record fails to show that the 1990 judgment was ever reviewed by direct appeal, post-conviction petition, or petition for writ of habeas corpus.

The documents in the record pertaining to the 1990 conviction show on their face that the convicting court had jurisdiction over the subject matter and the parties, and thus, "'we must indulge every intendment in favor of the validity of the judgments.'" State v. McClintock, 732 S.W.2d 268, 271 (Tenn. 1987)(quoting Smith v. Leedy, 42 Tenn. App. 117, 123, 299 S.W.2d 29, 31 (1956)). Moreover, the record gives every indication that the special judge was, at a minimum, a de facto judge, that is, that he acted "with color of right" and was "regarded as, and [had] the reputation of, exercising the judicial function he assum[ed]." 48A C.J.S. Judges § 2 (1981), quoted in State ex rel. Newsom v. Biggers, 911 S.W.2d 715, 718 (Tenn. 1995). There was no objection to the special judge's exercise of authority at the time the plea was entered in 1990, and no appeal was taken from the resulting conviction. "[L]ike any judgment, a presumption of regularity in the proceedings attaches upon becoming final." McClintock, 732 S.W.2d at 270. Because the special judge acted with de facto authority and because this authority was not challenged during trial or on appeal, the defendant cannot now attack the integrity of the judgment. Biggers, 911 S.W.2d at 719.

Each of the defendant's challenges to his conviction lacks merit. Accordingly, the trial court's judgment is affirmed.

_____
JOHN H. PEAY, JUDGE


CONCUR:


_____
JERRY L. SMITH, JUDGE


_____
THOMAS T. WOODALL, JUDGE